McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant United States Attorney
Federal Courthouse
2500 Tulare Street, Ste. 4401
Fresno, CA 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | 1:03-CV-06103 AWI LJO |
| )  | |
| Plaintiff,        ) | STIPULATION FOR EXPEDITED |
| ) | SETTLEMENT AND ORDER |
| v.        ) | THEREON |
| ) | |
| REAL PROPERTY LOCATED IN        ) | |
| TULARE COUNTY, COMMONLY KNOWN ) | |
| AS 1943 DOUGLAS STREET, PORTERVILLE,) | |
| CALIFORNIA; APN:243-201-005;        ) | |
| Including Appurtenances and        ) | |
| Improvements Thereto,        ) | |
| ) | |
| Defendant.        ) | |
| _____ ) | |
| ) | |
| BANK ONE, N.A.        ) | |
| ) | |
| Claimants.        ) | |
| _____ ) | |

This stipulated settlement is entered into between the plaintiff United States of America and claimants Bank One National Association, as Trustee, (hereinafter referred to as "Bank One N.A."), by and through their undersigned counsel, according to the following terms:

1. This is a civil forfeiture action of certain real property located at 1943 Douglas Street, Tulare County, Porterville California, APN: 243-201-005 (hereinafter the "defendant real

1

property"), and more particularly described as:

> Lot 39 of Tract No. 313 in the City of Porterville, County of Tulare, State of California, as per Map Recorded in Book 23, Page 25 of Maps; Tulare County Records;

2. The parties hereby stipulate that any violations of Title 18 U.S.C. § 1957 involving the defendant real property occurred without the knowledge and consent of claimant Bank One, N.A., and that Bank One, N.A. had a prior vested or superior interest in the defendant real property or was a bona fide purchaser for value of the right, title, or interest in the defendant real property.

3. Claimant Bank One, N.A. holds a promissory note in the original principal amount of $42,250.00, which note was secured by a Deed of Trust to the defendant real property in favor of Matrix Financial Services Corporation, and was recorded in the official records of Tulare County on December 13, 2000, as Instrument No. 2000-0081383. Pursuant to a Corporation Assignment of Deed of Trust recorded August 22, 2001, as Document Number 2001-0062917, Matrix Financial Services Corporation granted and assigned its interest in the Deed of Trust to Bank One, N.A., as Trustee.

4. Plaintiff United States agrees that upon entry of a Final Judgment of Forfeiture forfeiting the defendant real property and the defendant real property being sold, it shall pay claimant Bank One, N.A., in escrow from the gross sales price the following:[1]

> a. The sum of $35,827.20, less any principal payments made between April 11, 2006, and the date of payment; plus interest on the unpaid principal sum at the rate of $10.95 per day until paid, less any payments or credits made or received after April 11, 2006;

---

[1] If for any reason the defendant real property is not forfeited, e.g., because the United States enters into a settlement with other claimants to forfeit money in substitution for the defendant real property then this stipulation shall not have effect.

2

     b. All unpaid interest at the contractual (not default) rate under the above-described note and deed of trust until the date of payment;

     c. All unpaid casualty insurance premiums for the defendant real property from August 20, 2003 (date of posting of defendant real property) to the date of payment;

     d. Reasonable attorney's fees and costs not to exceed $6,500.00, and any late charges, inspection fees, escrow advances and/or servicing fees incurred from April 11, 2006, to date of payment. The total payoff amount as of April 11, 2006, is $35,827.20, not including the attorney fees listed above; and

     e. A total fee of not more than $200 to process a beneficiary demand statement and to record a reconveyance of the deed of trust.

     f. The exact amount to be paid to Bank One, N.A. shall be determined at time of payment, but shall not be less than the amounts set forth above.

   5. The payment to claimant Bank One, N.A. shall be in full settlement and satisfaction of any and all claims by Bank One, N.A. to the defendant real property posted by the United States on or about August 20, 2003, and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

   6. Upon payment, claimant Bank One, N.A. agrees to assign and convey their security interest to the United States via recordable documents.

   7. Claimant Bank One releases plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the posting, forfeiture or sale of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The parties to this agreement waive the provisions of California Civil Code § 1542 which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in its favor at the time of executing the release, which

if known by it must have materially affected the settlement.

8. As a part of settlement, claimant Bank One, N.A. agrees not to pursue against the United States any other rights that it may have under the promissory note and deed of trust including, but not limited to, the right to initiate a judicial or non-judicial foreclosure action, during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the property and any right to assess additional interest or penalties, except as specifically allowed herein.

9. Claimant Bank One, N.A.(through its undersigned counsel) agrees to notify the U.S. Attorney's Office at the end of the first payment cycle in which a payment is not made under the terms specified in the note. Claimant further agrees to join any government motions for interlocutory or stipulated sale of the defendant real property and any motions to remove occupants from the property who fail to abide by the terms of an occupancy agreement, within ten (10) days of claimant's receipt of the motion(s).

10. Claimant understands and agrees that by entering into this expedited settlement of their interest in the defendant real property, they waive any rights to further litigate against the United States their interest in the defendant real property and to petition for remission or mitigation of the forfeiture. Unless specifically directed by order of this Court, claimant Bank One, N.A. is hereby excused and relieved from further participation in this action.

11. No final judgment shall be entered in this action inconsistent with or adverse to any provisions of this Stipulation, and to the extent any final judgment entered in the action is inconsistent with or adverse thereto, such order shall be void as against Bank One, N.A.

12. Claimant understands and agrees that the United States reserves the right to void this Expedited Settlement agreement and terminate the forfeiture action at any time for legal reasons

4

or within ninety (90) days after the date of this agreement for economic reasons.

     13.  The parties agree to execute further documents, to the extent necessary, to convey clear title to the property to the United States and to further implement the terms of this settlement.

     14.  The terms of this settlement agreement are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a Final Judgment of Forfeiture.  Further, the terms of this settlement agreement shall be subject to approval by the

///
///

United States District Court and any violation of any terms or conditions shall be construed as a violation of an Order of the Court.

DATED:   6/7/06                            McGREGOR W. SCOTT
                                           United States Attorney


                                           /s/ Stephanie Hamilton Borchers
                                           STEPHANIE HAMILTON BORCHERS
                                           Assistant U.S. Attorney



DATED: 6/8/06                              /s/ E. Scott Palmer
                                           E. SCOTT PALMER
                                           Attorney for Claimant Bank One, N.A., as
                                           Trustee

(original signature retained by attorney)

## ORDER

This Stipulated Expedited Settlement is hereby APPROVED.

IT IS SO ORDERED.

**Dated:   June 21, 2006**                    /s/ **Anthony W. Ishii**
0m8i78                                        UNITED STATES DISTRICT JUDGE