McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED IN TULARE COUNTY, COMMONLY KNOWN AS 1943 DOUGLAS STREET, PORTERVILLE, CALIFORNIA; APN: 243-201-005; INCLUDING APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>　　　　　Defendant. | 1:03-CV-06103-AWI-DLB<br><br>**DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE** |

1.　This is a civil forfeiture action against the defendant real property located at 1943 Douglas Street, Porterville, California, APN: 243-201-005 (hereafter "defendant real property"), and more particularly described as:

> Lot 39 of Tract No, 313 in the City of Porterville, County of Tulare, State of California, as per Map Recorded in Book 23, Page 25 of Maps; Tulare County Records.

2.　A Verified Complaint for Forfeiture *In Rem* was filed on August 14, 2003, seeking the forfeiture of the defendant real property, alleging said real property is subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(C), 983, and 985, because the defendant real property was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, or is property traceable to such property.

3.  On August 20, 2003, in accordance with the Complaint, the defendant real property was posted with a copy of the Complaint and Notice of the Complaint.

4.  On or about January 21, 2004, a Public Notice of Complaint for Forfeiture against the defendant real property appeared by publication in the Visalia Times Delta, a newspaper of general circulation in the county in which the defendant real property is located (Tulare County). The Proof of Publication was filed with the court on February 23, 2004.

5.  In addition to the Public Notice of Complaint having been completed, actual notice was personally served upon Gustavo Jimenez, Adela Jimenez, Jose Jimenez, and Comerica Bank.

6.  On September 22, 2003, Claimant Gustavo Jimenez (hereafter "Claimant") filed his unverified Claim and Statement of Interest and, thereafter, filed an unverified Answer on October 10, 2003. On September 18, 2003, Claimant Bank One, N.A., (hereafter "Bank One") filed its verified Claim and, thereafter, filed a verified Answer on October 8, 2003. On June 22, 2006, the Government entered into a Stipulation for Expedited Settlement with Bank One, the only known lien holder to the defendant real property.

7.  The Government properly noticed Claimant's deposition for February 1, 2007, April 18, 2007, and June 12, 2007. The Government rescheduled the first two dates after discussions with Claimant's counsel indicated Claimant would not attend; Claimant's counsel subsequently withdrew from the case. Claimant failed to appear or otherwise contact Plaintiff's counsel at the June 12, 2007 deposition and the Government noted his non-appearance at the deposition date and time.

8.  On July 27, 2007, the Government's Motion for Judgment by Default, In the Alternative, Motion to Compel the Appearance of Claimant Gustavo Jimenez and to Respond to Discovery, came on regularly for hearing before the Court on July 27, 2007, the Honorable Dennis L. Beck, United States Magistrate Judge, presiding. Claimant had not appeared at his deposition nor contacted plaintiff's counsel regarding his non-appearance prior to the filing of the motion to compel. An attorney, Richard A. Lima, appeared on behalf of claimant but did not, and has not, substituted in as counsel in this case. Assistant U.S. Attorney Stephanie Hamilton Borchers appeared on behalf of the Government.

///

9. No written opposition to the Government's motion having been filed, and good cause appearing, the Court ordered Claimant's default pursuant to Rule 37(d) and 37(b)(2), allowing Claimant 30 days to file a Motion to Set Aside Default by August 27, 2007.  See *Dahl v. City of Huntington Beach*, 84 F.3d 363 (9th Cir. 1996) ("The district court has great latitude in imposing sanctions for discovery abuses . . .."); *Hyde & Drath v. Baker,* 24 F.3d 1162, 1166 (9th Cir.1994) (citing *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir.1990).)  No Motion to Set Aside Default or other written objection to the Court's July 27, 2007 Order was submitted and the Government now applies for the entry of a default judgment pursuant to Rule 37(d) of the Federal Rules of Civil Procedure and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions against Claimant Gustavo Jimenez , and all other potential Claimants.  A Request to the Clerk for Entry of Default as to Gustavo Jimenez is filed concurrently herewith.

The Court, having been duly advised of and having considered the matter, it is hereby ORDERED AND ADJUDGED:

1. A default judgment is hereby entered against Claimant Gustavo Jimenez and all other potential claimants who have not filed claims in this action.

2. The Clerk shall file an Entry of Default as to Gustavo Jimenez.

3. A judgment by default is hereby entered against any right, title, or interest in the defendant Real Property Located in Tulare County, Commonly Known as 1943 Douglas Street, Porterville, California; APN:  243-201-005; Including Appurtenances and Improvements Thereto of Claimant Gustavo Jimenez.

4. A final judgment is hereby entered, forfeiting all right, title, and interest in the defendant real property to the United States of America, to be disposed of according to law, including all right, title, and interest of Gustavo Jimenez, subject to the interest of Bank One pursuant to the Stipulation for Expedited Settlement and Order Thereon filed on June 22, 2006.

5. Upon entry of this final judgment, the defendant real property shall be sold by the Department of Treasury - Internal Revenue Service in a commercially reasonable manner.

6. The Department of Treasury - Internal Revenue Service shall have the real property appraised by a licensed appraiser of its choosing.  If necessary, the Department of Treasury - Internal

Revenue Service, or their designee, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

      7.    The following costs and expenses of sale shall be deducted from the gross sales price and paid directly out of escrow in the following order and to the extent that funds are available:

    a.    The costs incurred by the Department of Treasury - Internal Revenue Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    b.    Any unpaid real property taxes which shall be prorated as of the date of entry of the default judgment and final judgment of forfeiture.

    c.    The costs and expenses associated with the sale of the real property.

    d.    Any county transfer taxes.

    e.    To Claimant Bank One in accordance with the Stipulation for Expedited Settlement filed on June 22, 2006:

        i.    The sum of $35,827.20, less any principal payments made between April 11, 2006, and the date of payment; plus interest on the unpaid principal sum at the rate of $10.95 per day until paid, less any payments or credits made or received after April 11, 2006;

        ii.    All unpaid interest at the contractual rate (not default) rate under the Note and Deed of Trust until the date of payment;

        iii.    All unpaid casualty insurance premiums for the defendant real property from August 20, 2003 (date of posting of defendant real property) to the date of payment;

        iv.    Reasonable attorney's fees and costs not to exceed $6,500.00, and any late charges, inspection fees, escrow advances and/or servicing fees incurred from April 11, 2006, to date of payment. The total payoff amount as of April 11, 2006, is $35,827.20, not including the attorney fees listed above; and,

///

    v.  A total fee of not more than $200.00 to process a beneficiary demand statement and to record a reconveyance of the Deed of Trust.

    vi.  The exact amount to be paid to Bank One, N.A. shall be determined at time of payment, but shall not be less than the amounts set forth above.

  f.  All funds remaining after the payment of the expenses described above shall be paid to the United States, to be disposed of according to law.

8.  Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's Lis Pendens on August 21, 2003, and prior to entry of the Default Judgment and Final Judgment of Forfeiture herein may be paid out of escrow at the sole discretion of the United States Attorney's Office.

9.  The costs of obtaining a standard American Land Title Association (ALTA) policy of title insurance shall be paid for by the buyer of the real defendant property.

10.  All loan fees, "points" and other costs of obtaining financing shall be paid by the buyer of the defendant real property.

11.  Claimant Gustavo Jimenez or any others occupying the defendant real property shall vacate the defendant real property within (30) days after receiving notice by the Department of Treasury - Internal Revenue Service of its intention to list the property for sale. Any and all of Claimant's personal possessions, and the personal possessions of any former occupant, not removed within thirty (30) days prior to the close of escrow will be disposed of by the United States without further notice.

12.  All parties shall bear their own costs and attorneys' fees, except as provided for herein.

13.  Pending the sale of the property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of the Default Judgment and Final Judgment of Forfeiture.

IT IS SO ORDERED.

Dated: **September 14, 2007**      **/s/ Dennis L. Beck**
                    UNITED STATES MAGISTRATE JUDGE